FILED

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT  06905
8  Telephone:  (203) 653-2250
   Facsimile:  (203) 653-3424
9
10 Attorneys for Plaintiff, James Manley
11
12
13            UNITED STATES DISTRICT COURT
14           CENTRAL DISTRICT OF CALIFORNIA
                 EASTERN DIVISION
15
16
17 James Manley,                    Case No.:
18          Plaintiff,              **COMPLAINT FOR DAMAGES**
19                                  **1. VIOLATION OF FAIR DEBT**
        vs.                         **COLLECTION PRACTICES ACT,**
20                                  **15 U.S.C. § 1692 ET. SEQ;**
21 Hunt & Henriques; and DOES 1-10, **2. VIOLATION OF FAIR DEBT**
   inclusive,                       **COLLECTION PRATICES ACT,**
22                                  **CAL.CIV.CODE § 1788 ET. SEQ.**
23          Defendants.
                                    **JURY TRIAL DEMANDED**
24
25
26
27
28
                                    COMPLAINT FOR DAMAGES

2012 OCT -9 AM 10:19
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

ED CV 12 - 01724 VAP SPx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For this Complaint, Plaintiff, James Manley, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      Plaintiff, James Manley (hereafter "Plaintiff"), is an adult individual residing in Corona, California, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Hunt & Henriques ("Hunt"), is a California business entity with an address of 151 Bernal Road, Suite 8, San Jose, California 95119, operating as a collection agency, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Hunt and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Hunt at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Hunt for collection, or Hunt was employed by the Creditor to collect the Debt.

11.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Hunt Engages in Harassment and Abusive Tactics**

12.     Within the last year, Hunt contacted Plaintiff in an attempt to collect the Debt.

13.     During the initial conversation and oftentimes thereafter, Hunt failed to identify itself and failed to inform Plaintiff that the communication was an attempt to collect a debt and that any information obtained would be used for that purpose.

14.     On more than one occasion, Hunt contacted Plaintiff at his place of employment in an attempt to collect the Debt.

15.     During the first call to Plaintiff's workplace, Plaintiff advised Hunt that calls to his workplace were inconvenient and prohibited by his employer.  Plaintiff provided Hunt with his cellular phone number for future communications.

16.     Thereafter, Hunt continued calling Plaintiff at his place of employment in an attempt to collect the Debt despite being informed that such calls were against the policy of Plaintiff's employer.

17.     Plaintiff made numerous requests to Hunt to cease calls to his workplace, but Hunt would not stop calling there. Hunt's repeated calls to Plaintiff's work place caused Plaintiff a great deal of distress and caused him to fear that the calls were placing his employment in jeopardy.

18.     Hunt contacted Plaintiff's son and daughter in an attempt to collect the Debt.

19.     Plaintiff is informed and believes and thereon alleges that at the time Hunt contacted Plaintiff's children, Hunt had previously spoken with Plaintiff and

already knew Plaintiff's current address and telephone number, and had confirmed the same with Plaintiff.

## C.     Plaintiff Suffered Actual Damages

20.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

21.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from a violation of his right to privacy, humiliation, anger, anxiety, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     Defendants contacted Plaintiff at a place and during a time known to be inconvenient for Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

24.     Defendants contacted Plaintiff at his place of employment, knowing that Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

COMPLAINT FOR DAMAGES

25.     The Defendants communicated with individuals other than the Plaintiff for purposes other than to obtain or confirm location information, in violation of 15 U.S.C. § 1692c(b).

26.     Defendants engaged in behavior the natural consequence of which was to harass, oppress or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27.     Defendants placed calls to Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

28.     Defendants failed to inform Plaintiff that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

29.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* (the "Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

33.   Hunt, in the regular course of business, engages in debt collection and is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

34.   Hunt is a debt collection law firm, and employs non-attorneys to collect debts, and is not an "attorney" as defined by Cal. Civ. Code § 1788.2(c) and is not exempted from the Rosenthal Act.

35.   Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

36.   Defendants contacted members of Plaintiff's family, for a purpose other than confirming Plaintiff's location and without consent from Plaintiff or Plaintiff's attorney, in violation of Cal. Civ. Code § 1788.12(b).

37.   Defendants failed to comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

38.   Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

A.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

B.   Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

D.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F.  Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for Plaintiff;

G.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 2, 2012                                 TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, James Manley